

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DEDRICK A. FLEMING, SR.                                                PLAINTIFF

v.                                                                     Cause No. 3:16-cv-554 TSL-RHW

HINDS COUNTY, VICTOR MASON,
IN HIS OFFICIAL CAPACITY, AND
OFFICERS JOHN DOES (1-10)                                              DEFENDANTS

## COMPLAINT

(JURY TRIAL DEMANDED)

1. Comes Now, DEDRICK A. FLEMING, SR., and files this, his Complaint against the Defendants, Hinds County and Victor Mason, and alleges the following:

## PARTIES

2. Plaintiff, Dedrick A. Fleming, Sr. (hereinafter Plaintiff), is an adult resident citizen of Mississippi, whose permanent place of residence is 118 Barrett St., Edwards, MS, 39066.

3. Defendant, Hinds County (hereinafter Hinds County), is a governmental entity existing in the State of Mississippi, and may be served with process upon Eddie Jean Carr, Chancery Clerk at 316 S. President St., Jackson, Mississippi, 39201.

4. Defendant Sheriff Victor Mason (hereinafter Defendant Sherriff), employed with the State of Mississippi, is an adult resident citizen of Mississippi, and he may be served with process at 407 E. Pascagoula St., Jackson, Mississippi, 39201.

5. Defendant, Officer "John Does" (hereinafter Officer Does 1-10), employed with Neshoba County Sheriff's Department, is an adult resident citizen of Mississippi, and he may be served with process at 407 E. Pascagoula St., Jackson, Mississippi, 39201.

## JURISDICTION

6. This court has jurisdiction over the subject matter herein pursuant to the provisions of Section 9-7-81 of the Mississippi Code of 1972, annotated, as amended in that all defendants are domiciled in Mississippi.

7. This court has in personam jurisdiction over the Defendants in that all defendants are residents of or do business in Hinds County, Mississippi.

## VENUE

8. Venue is proper in this Court pursuant to Section 11-11-3 of the Mississippi Code of 1972, annotated, as amended, in that the incidents which gave rise to these claims occurred in Hinds County, Mississippi.

## FACTUAL ALLEGATIONS

9. On or about February 25, 2014, Plaintiff was pulled over by a Hinds County Sherriff Officer while they were investigating drug activity.

10. On the aforementioned date, Officer Does 1-10 did not arrest the Plaintiff nor did they provide him with a citation.

11. Officer Does 1-10 proceeded to unlawfully attack the Plaintiff.

12. Officer Does 1-10 proceeded to choke, beat, discharge their tasers onto the the mouth of the plaintiff, and fractured the Plaintiffs foot.

13. Plaintiff was transported to a medical facility after the attack where he was treated for various injuries.

14. As a result of the Defendants' negligent actions, Plaintiff sustained injuries to his head, face, and body as a whole.

**COUNT ONE**
**INJUNCTION PROHIBITING FUTURE CONDUCT**
**OF A SIMILAR CHARACTER, KIND OR NATURE**

15. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

16. The Plaintiff is entitled to, and hereby request, an injunction prohibiting the Defendants from committing conduct of the like, kind, character and nature as that demonstrated and described in this complaint at any time in the future within the jurisdiction of the Circuit Court of Hinds County, Mississippi.

## COUNT TWO
### NEGLIGENT, GROSSLY NEGLIGENT, AND WANTON FAILURE IN HIRING AND TO MONITOR, TRAIN, AND SUPERVISE THE DEPUTIES INVOLVED.

17. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

18. The Defendants, Supervisors, Hinds County, Victor Mason, and Officer John Does 1-10, were grossly negligent and/or wanton in failing to monitor the actions of the Defendant Officers. They further negligently and/or wantonly failed to train the aforementioned Defendants to properly protect, investigate, interrogate, or detain the Plaintiff and other similarly situated individuals. The Defendants negligently and/or wantonly failed to properly follow and/or apply their own state and law enforcement rules, ordinances, regulations, policies and procedures, as well as state law generally. The County, Victor Mason, and Officer's Does 1-10, failed to properly supervise the actions of Defendant Officers.

19. As a direct and proximate result of the Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT THREE
### INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

20. The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

21. The Plaintiff alleges that the Defendants intentionally, negligently, and with reckless disregard inflicted extreme emotional distress upon their minds, spirits, and bodies. By condoning and/or ratifying the acts of the officer involved, the Defendants have caused the Plaintiff to suffer from emotional problems and mental anxiety.

22. The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and reckless conduct. These Defendants conspired to protect their own interests and reputations, and to disregard the Plaintiff's rights to the detriment of the Plaintiff.

23. As a direct and proximate result of Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT FOUR
## CIVIL ASSAULT AND BATTERY

24. The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

25. The Defendants are liable for civil assault and battery. The Plaintiff alleges that Defendant Officers intentionally, with reckless disregard and/or negligently inflicted extreme emotional distress upon his minds, spirits, and bodies by forcibly and unreasonably attacking the Plaintiff. Defendants have caused the Plaintiff to suffer from emotional problems and mental anxiety as well as bodily pain and suffering.

26. The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and reckless conduct.

27. As a direct and proximate result of aforementioned Defendants' negligent, grossly

negligent, reckless, and/or intentional acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT FIVE
### VIOLATION OF FEDERAL DUE PROCESS, EQUAL PROTECTION, CIVIL RIGHTS LAWS UNDER 42 U.S.C. Section 1983 and 28 U.S.C. Section 1343 et al

28. The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

29. Plaintiff would show unto the Court that the Defendants, with reckless disregard for Plaintiff's rights, took actions to deprive Plaintiff of his due process rights and equal protection rights.

30. Plaintiff suffered damages as a result of the aforementioned conduct as set out heretofore and/or hereinafter.

## PRAYER FOR APPROPRIATE RELIEF

31. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

32. As a result of the intentional and/or reckless disregard and/or grossly negligent and/or other negligent acts of the Defendants named herein, the Plaintiff has suffered severe and permanent damages for which the Defendants should be held jointly and vicariously liable.

33. All Defendants are jointly and severally liable to the Plaintiff for the following damages: past, present and future pain, suffering and mental and emotional anguish; past, present and future loss of mobility and capacity; loss of enjoyment of life's normal activities; loss of society, and all other damages to be proved at trial.

34. The Plaintiff brings this action against all Defendants and demands judgment and compensatory damages as a result of the negligent and/or intentional acts enumerated herein in an amount to be determined by this Court.

35. The acts of the Defendants enumerated herein were so grossly negligent and reckless; utterly offensive; and were committed with such utter disregard for the rights of the Plaintiff and others similarly situated as to amount to willful, wanton, and/or intentional misconduct, thereby entitling the Plaintiff to an award of punitive damages to be determined by the Court, with this amount being sufficient to deter these Defendants from continuing this conduct in the future.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** the Plaintiff respectfully prays for judgment against all Defendants, compensatory damages, punitive damages, any and all damages allowed by Mississippi or federal law, pre-judgment interest, post-judgment interest, attorney's fees, Veasley type damages, and all costs of this proceeding with such final amount being at least $500,000.00 or an aggregate sum equal to the maximum amount of recovery allowed by the Mississippi Tort Claims Act plus any recovery to be determined by a jury and allowed under any applicable state or federal laws and guidelines.

This the 29th day of June, 2016.

RESPECTFULLY SUBMITTED,
PLAINTIFF

By: _____
CARLOS E. MOORE, MSB #100685
TAMEIKA BENNETT, MSB#103146

**OF COUNSEL:**

**MOORE LAW GROUP, P.C.**
**P.O. BOX 1487**

**GRENADA, MS 38902**
**(662) 227-9940**
**(662) 227-9941 (FAX)**
**carlos@carlosmoorelaw.com**
**tameika@carlosmoorelaw.com**