```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                         NORTHERN DIVISION
```

DEDRICK A. FLEMING, SR.                                          PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:16CV554TSL-RHW

HINDS COUNTY, DEPUTY JEREMY
LEE, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITY, OFFICER RICHARD
THOMPSON, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY, OFFCIER RYLON
THOMPSON, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY, OFFICER JASON
CLARK, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITY, AND OFFICERS JOHN DOES (1-7)                          DEFENDANTS

                     MEMORANDUM OPINION AND ORDER

Defendant Rylon Thomas has filed in this cause a motion to dismiss (or for summary judgment) on the basis of qualified immunity. Plaintiff Dedrick A. Fleming, Sr. has filed a response to the motion in which he argues that Thomas has failed to demonstrate the absence of a genuine issue of material fact as the documents relied on by Thomas in support of his motion are inadmissible, making summary judgment inappropriate, and in which he asserts, alternatively, that since there has been no discovery as yet, he "has not had an opportunity to bring forth sufficient evidence regarding each element" of his claim and that therefore, pursuant to Federal Rule of Civil Procedure 56(d), the court should defer consideration of the motion until plaintiff has had an opportunity to conduct discovery. The court, having considered

the motion and response, concludes that the motion should be denied.

Plaintiff filed this action alleging claims under 42 U.S.C. § 1983 and state law relating to an alleged use of excessive force by the defendant Hinds County Sheriff's deputies during the course of a traffic stop. Plaintiff alleges that after he was stopped, the defendant officers "proceeded to unlawfully attack [him]," and to "choke, beat, discharge their tasers onto [his] mouth ... and fractured [his] foot." He was transported to the hospital where he received treatment for his injuries. Plaintiff demands compensatory and punitive damages of at least $500,000.

Thomas has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or, alternatively, for summary judgment pursuant to Rule 12(b)(6), on the basis of qualified immunity. See Collins v. Ainsworth, 382 F.3d 529, 536 (5th Cir. 2004) (motion for qualified immunity may be considered as a motion to dismiss under Rule 12(b)(6) or Rule 56)). "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." Ashcroft v. al-Kidd, 563 U.S. 731, 735, 131 S. Ct. 2074, 2080, 179 L. Ed. 2d 1149 (2011).

2

Qualified immunity does not merely offer immunity from liability, but provides immunity from suit. <u>Foster v. City of Lake Jackson</u>, 28 F.3d 425, 428 (5th Cir. 1994). Therefore, where a defendant seeks dismissal based on qualified immunity, the complaint is subject to a heightened pleading requirement, <u>Schultea v. Wood</u>, 47 F.3d 1427, 1434 (5th Cir. 1995), as follows: "'[T]o survive [a motion to dismiss],' a plaintiff must plead the defendant's alleged constitutional violations 'with factual detail and particularity, not mere conclusionary allegations.'" <u>Wells v. Newkirk-Turner</u>, No. 3:13CV733-DPJ-FKB, 2014 WL 5392960, at *3 (S.D. Miss. Oct. 22, 2014) (quoting <u>Anderson v. Pasadena Indep. Sch. Dist.</u>, 184 F.3d 439, 443 (5th Cir. 1999)).

In this case, Thomas asserts that plaintiff "fails to allege facts which reasonably support a claim of relief" against him in his individual capacity. Thomas does not elaborate, however, and does not suggest in what way the complaint is claimed to be deficient. Plaintiff has alleged that following a traffic stop, he was attacked, beaten, choked, and "tasered" by the defendant officers and was seriously injured as a result. The intended implication of plaintiff's allegation is that the alleged "attack" was unprovoked and unwarranted. However, not every use of force is unconstitutional. Rather, the Fourth Amendment proscribes only the use of force that is "excessive to the need" and "objectively

3

unreasonable." See Bush v. Strain, 513 F.3d 492, 501 (5th Cir. 2008) (holding that to state a claim for excessive force in violation of the Fourth Amendment, plaintiff "must allege (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need, and (3) the use of force was objectively unreasonable."). Plaintiff's complaint is rather short on details in this regard, and likely does not contain sufficient specific facts to demonstrate that the alleged use of force was excessive and hence unconstitutional. However, despite any shortcomings, the court finds that dismissal of his complaint would not be proper.

In this regard, the Fifth Circuit has held that where a plaintiff's § 1983 complaint against a public official fails to satisfy the heightened pleading standard, the court may order a Rule 7 response to ensure that the defendants are not subjected to unnecessary and burdensome discovery or trial proceedings. See Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004) ("The considerations that had led to the adoption of heightened pleading would henceforth be satisfied ... through the device of a detailed Rule 7 reply, which the district court could order on the defendant's motion or sua sponte."); Truvia v. Julien, 187 Fed. App'x 346, 349 n. 2 (5th Cir. 2006) ("The purpose of the (Rule 7) device is to require the plaintiff to satisfy the heightened

4

pleading standards applicable to claims implicating immunity defenses. Although a plaintiff need not anticipate such a defense, the district court in its discretion may require the plaintiff to submit a Rule 7 reply in response to an immunity defense before embarking on potentially costly discovery and litigation."); see also Reyes v. Sazan, 168 F.3d 158, 161 (5th Cir. 1999) ("Faced with sparse details of claimed wrongdoing by officials, trial courts ought routinely require plaintiffs to file a reply under Federal Rule of Civil Procedure 7(a) to qualified immunity defenses."). However, the Fifth Circuit has also held that a Rule 7 response is not necessary when the briefing in response to the motions to dismiss raising a qualified immunity defense adequately addresses the defense. See Truvia, 187 F. App'x at 349-50 (holding that where plaintiff fully briefed qualified immunity in response to defendant's motion to dismiss, "[r]equiring a Rule 7(a) reply in addition to the completed briefing would be redundant."). Here, in his response to the motion, plaintiff has referred the court to his sworn "Citizen Information and Complaint Form" setting forth his version of events surrounding the alleged attack. In this complaint form, plaintiff states that he was stopped by a white officer (for no apparent reason). While stopped, his nose began to bleed. Plaintiff reached to wipe his nose, at which point the officer,

5

ostensibly believing plaintiff had put something in his mouth, told plaintiff to step outside the vehicle and then immediately placed him in handcuffs. Plaintiff denied placing anything in his mouth. Another officer arrived, asked plaintiff what was in his mouth and started choking him until he threw up. A third officer arrived, and immediately "put him on the ground and tazed [him] until he threw up." An ambulance was called to transport him to the hospital. This version of events, viewed in the light most favorable to plaintiff, is sufficient to overcome defendant's qualified immunity. Accordingly, the court will not require a Rule 7 response and will deny Thomas's Rule 12(b)(6) motion to dismiss.

Thomas has made an alternative request for summary judgment, in support of which he has submitted two exhibits for the court's consideration. The first is plaintiff's sworn citizen complaint. The second is Thomas's own narrative statement regarding the subject incident which he prepared, signed and provided to his superiors at the time of the incident. According to Thomas's statement, on the date of the incident, he was dispatched to the location where plaintiff had been stopped by another deputy, Jeremy Lee, who reported that plaintiff was putting "dope" in his mouth. Thomas states that as he approached, plaintiff was "making jerking movements and shaking his head around. [His] mouth

6

appeared to be full and his jaws were flared. [He] began making convulsive movements and it appeared as though he was choking on the substance that he was attempting to swallow." Thomas recites that he "attempted to apply pressure to the side of Mr. Fleming's mouth with a flashlight and was going to clear his airway as he opened his mouth." However, as he did this, plaintiff "began flailing and kicking." The two of them fell to the ground as another deputy stunned plaintiff with a taser to stop him from struggling as Thomas attempted to clear his air passage. Thomas immediately stopped touching plaintiff when directed to do so by a Sergeant John Sanders, with whom the officers were in communication via phone.

In his response to the motion, plaintiff objects that Thomas's statement is inadmissible hearsay, which may not be properly considered on a motion for summary judgment. See Warfield v. Byron, 436 F.3d 551, 559 (5th Cir. 2006) (stating that hearsay is inadmissible for summary judgment purposes under Federal Rule of Civil Procedure 56). For his part, defendant has not acknowledged, much less responded to plaintiff's objection. The court, having considered plaintiff's objection to Thomas's statement, finds it is well taken.

A police report, while hearsay, generally falls under at least two well-established hearsay exceptions—Rule 803(6)

7

(business records exceptions) and Rule 803(8) (public records exceptions).  See Valentine v. Hodnett, No. 5:14-CV-72, 2015 WL 12942069, at *3 (S.D. Tex. Sept. 16, 2015), *report and recommendation adopted*, No. 5:14-CV-72, 2016 WL 806877 (S.D. Tex. Mar. 2, 2016) (citing Fed. R. Evid. 803(6) and 803(8)).  Rule 803(6) contains five requirements for the admission of a business record, the last of which is that "neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness."  Fed. R. Civ. P. 803(6)(E)).  Rule 803(8) likewise includes among requirements for admission that neither "the source of information or other circumstances indicate a lack of trustworthiness."  Fed. R. Civ. P. 803(8)(B). Courts considering the issue have held that incident reports by officers involved in excessive force incidents lack the indicia of trustworthiness required for admission under either the business records or public records exceptions to the hearsay rule.  See, e.g., Bracey v. Herringa, 466 F.2d 702, 705 (7th Cir. 1972) (finding it was "error for the district court to accept in support of the Defendants' motion for summary judgment prison records which included the self-serving statements of the defendants themselves as well as statements of other prison guards."); Kokoska v. City of Hartford, No. 3:12-CV-01111 WIG, 2014 WL 4724875, at *3 (D. Conn. Sept. 23, 2014) (holding that officers'

8

narrative reports of events surrounding excessive force incident did not come within business records or public records exceptions in view of the officers' self-interest "in portraying their actions in the most reasonable light and the actions of Plaintiff in the most unfavorable light"); McGrew v. Roundtree, No. CIV. A. 09-0859-RET, 2011 WL 1789963, at *3 n.2 (M.D. La. Mar. 9, 2011), *report and recommendation adopted*, No. CIV.A. 09-859-RET, 2011 WL 1752246 (M.D. La. May 9, 2011) (expressing view that incident reports prepared by security officers who faced potential liability as defendants were self-serving and inherently untrustworthy, and hence inadmissible hearsay, not subject to the hearsay exceptions set forth in Rules 803(6) and 803(8)); Pommer v. Vaughn, 2009 WL 1490570 (D. Conn. May 27, 2009) (observing that "courts examining incident reports in excessive force cases have found such reports to be inadmissible under Rule 803(6) because they are self-serving and lack indicia of reliability."); Lewis v. Velez, 149 F.R.D. 474, 485-86 (S.D.N.Y. 1993) (holding that incident reports prepared by prison officials involved in excessive force incident lacked indicia of reliability and hence were not admissible as business records). As Thomas has failed to present admissible evidence in support of his summary judgment motion, that motion will be denied.[1]

---

[1] There is nothing to prevent Thomas from filing a second summary judgment motion accompanied by competent proof, e.g., a

9

Based on the foregoing, it is ordered that defendant Rylon Thomas's motion to dismiss or, alternatively, for summary judgment, is denied.

SO ORDERED this 1st day of May, 2017.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

sworn affidavit attesting to his version of the facts. Anticipating this possibility, the court notes that plaintiff's contention in response to Thomas's present motion that he needs time for discovery before responding in full to the motion, is not well grounded. The Fifth Circuit has held that while Rule 56(d) "motions are broadly favored and should be liberally granted,... because qualified immunity is an *immunity from suit* rather than a mere defense to liability, the district court should limit the extent of discovery if it is avoidable." Curtis v. Anthony, 710 F.3d 587, 594 (5th Cir. 2013) (per curiam) (internal quotation marks and citation omitted). Plaintiff has given no indication as to the discovery he claims to need or how that discovery is likely to aid him in responding to the motion. See Am. Family Life Assur. Co. of Columbus v. Biles, 714 F.3d 887, 894 (5th Cir. 2013) (under Rule 56(d), "non-moving party must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.") (internal quotation marks and citation omitted). Plaintiff purports to want to take discovery to support his version of the facts. Yet he does not need discovery to determine what he claims happened.